UNITED STATES *v* HARNED.

*(District Court, D. Washington, N. D.   June 25, 1890.)*

1. EXTORTION—PUBLIC OFFICERS—EXCESSIVE FEES—EVIDENCE.
    In a trial upon an indictment founded upon section 5481, Rev. St., proof that money in excess of legal fees was received by an officer of the United States, and that in receiving the money he acted in an official capacity and corruptly, is not sufficient to warrant a conviction, without evidence tending to prove that the excess was exacted by the defendant, and not paid voluntarily.

2. SAME—DIRECTION OF VERDICT.
    When, upon trial of a criminal case, the prosecution fails to introduce any evidence to show one of the elements of the crime charged, a motion to instruct the jury to acquit the defendant will be granted.

*(Syllabus by the Court.)*

Defendant was indicted for the crime of extortion, under section 5481, Rev. St., which is as follows: "Every officer of the United States who is guilty of extortion under color of his office shall be punished by a fine of not more than $500, or by imprisonment for not more than one year, except those officers or agents of the United States otherwise differently and specially provided for in subsequent sections of this chapter." Upon the trial, after all the evidence for the prosecution had been introduced, his attorney moved the court to instruct the jury to render a verdict for him.

*Patrick H. Winston,* U. S. Atty., and *P. C. Sullivan,* Asst. U. S. Atty.
*A. R. Coleman,* for defendant.

HANFORD, J., *(orally.)* I will have to grant this motion. This indictment is founded upon section 5481 of the Revised Statutes. The defendant is brought to the bar to answer the charges in this indictment, and nothing else. He cannot be convicted here on general principles, or for any sort of wrong-doing except the crime of extortion. As has been said in the argument, the statute does not attempt to define "extortion," and it does not attempt to define the crime by any other word than the word "extortion." It simply states that any officer of the United States guilty of extortion shall be punished in a certain manner. It is incumbent on the prosecution in a criminal case to prove every material fact by competent evidence, sufficient to convince the jury beyond all reasonable doubt. Every single element of the crime must be shown by affirmative proof. Now, there is evidence in this case sufficient to go to the jury as to almost everything necessary to constitute this offense. There is evidence here that the defendant was an officer of the United States. There is evidence here that he received money from Capt. Sprague in excess of the legal fees. There is evidence that he knew that those fees were illegal, (but that would not have been necessary to prove, because under no circumstances could he defend his action on the ground of ignorance as to what the fees were,) but there is evidence to go to the jury that he had full and ample knowledge of all the facts which would be necessary for him to have in order to commit the offense. There is evi-

dence that I would be willing to submit to the jury of a corrupt motive. All those things are necessary to make out this offense, but insufficient without proof of an additional fact. The word "extortion" implies that the money paid was extorted on the part of the one who received it, and was paid unwillingly by the party paying the same, and the weak point here is that the prosecution has utterly failed to introduce any evidence whatever that this money was not voluntarily paid by Capt. Sprague, he knowing at the time that it was in excess of the amount that was required to be paid, and for that reason I do not think that any conviction of the defendant on this indictment would be lawful. This proposition is sustained by the following authorities: 1 Russ. Crimes, (9th Amer. Ed.) 207; 7 Amer. & Eng. Enc. Law, 591; *Com.* v. *Dennie,* Thacher, Crim. Cas. 165.

The testimony of Mr. Fennimore, as I remember it, is the strongest of any testimony in the case going to show that the fees concerning which he testified were extorted. He states that they charged that amount, but his testimony is too weak to go to the jury to connect the defendant with any particular transaction, as the one who exacted the payment. He states in a general way that his instructions in the custom-house were to do so and so, but fails to instance any particular order or instruction given by the defendant. The indictment alleges that those excessive charges were made with the intention of injuring and oppressing Capt. Sprague. Capt. Sprague has not been called as a witness here, and there is not any evidence that he ever protested against paying those charges, or that he did not pay them voluntarily after reading the fee-bill, and with full knowledge of what the legal charges were. In addition to this, and in support of some one or more counts in the indictment, it is shown by the evidence that some of the fees were not paid by Capt. Sprague, but by a custom-house broker, who was acting as the agent of Capt. Sprague, or of the owners of the vessel, and in paying them he should know what the fees were, and the master of the vessel should also know what the fees were, and what his duties were, and, if he paid any money without objecting, it would be very hard to say that the evidence here was sufficient to convict this defendant of extortion. But this case is not as strong as that, because it fails to show that Capt. Sprague did not voluntarily on his own part tender and pay this money without any request or act of the defendant in fixing the amount. In answer to the contention that the mere taking of illegal fees by an officer of the United States is punishable as extortion under this section, I will remark, in the first place, that the language used by congress in this section does not imply any such rule of law, because the crime of extortion at common law was not proven by the mere taking of excessive or illegal fees by an officer unless they were exacted and paid unwillingly, under color of his office. And, congress has indicated very clearly in the Revised Statutes that it does not regard the mere taking of illegal fees as being synonymous with extortion. The law in the case of pension agents is a special enactment of congress, and providing for those particular cases. Congress has not in

that instance been content to enact that a person who, under color of his office or as a pension agent, extorts a sum in excess of that prescribed by law, shall be punished, but it has prescribed that the person who takes it and retains it shall be punished; and so, also, in section 3169, there is a plainer illustration of what congress understood by extortion, and of what was intended to be included in that word. This section is a part of the internal revenue law, and provides that every officer or agent of the United States who is guilty of any extortion, or who knowingly demands other and greater sums than are authorized by law, or who receives any fee or compensation, etc. Now, certainly, in framing that section, it was not understood by congress that extortion, and the mere taking of money in excess of the lawful fee, was the same thing; for in this instance, after mentioning extortion, they have gone a step further, and expressly provided a punishment for a person who knowingly takes or receives any fee, compensation, or reward except as by law prescribed. On this ground alone, that there is no proof that the money was not voluntarily paid by Capt. Sprague, I think the motion will have to be sustained. Mr. Winston, if you have any other evidence to offer, or if you desire to reopen the case, I will allow you to do so; otherwise I shall write out the form of verdict for the jury.